**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re :                                                                  Case Number **6:16-02106-CCJ**
                                                                                Chapter 7

**Dale Heuermann**

                                                      Debtor(s).
_____/


**CHAPTER 7 TRUSTEE'S MOTION TO (A) APPROVE A CONSENTED PUBLIC
SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND
(m); (B) SALE PROCEDURES; (C) SURCHARGE AGREEMENT BETWEEN
SECURED LENDER AND THE ESTATE; (D) SECURED LENDER'S RIGHT TO DEED
IN LIEU OF FORECLOSURE; AND (E ) OTHER RELIEF**

        Marie E. Henkel (the "Trustee"), the duly appointed Chapter 7 Trustee for the

above referenced debtors (the "Debtor(s)"), pursuant to Sections 105 and 363 of the Bankruptcy

Code, by and through her undersigned counsel, hereby files this motion ("Motion") for entry of

an order for authority to sell certain real property free and clear of all liens, encumbrances, and

interests.  In support thereof, the Trustee respectfully states as follows:

JURISDICTION

        1.        This Court has jurisdiction to consider this Motion and enter final orders

pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of

28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

        2.        Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

        3.        The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m),

Federal Rules of Bankruptcy Procedure 2002 and 6004.

<u>**BACKGROUND**</u>

4.      On March 30, 2016 the Debtor commenced this case by filing a voluntary

petition for relief under Chapter 7 of the United States Bankruptcy Code (the "<u>Petition Date</u>").

5.      Marie E. Henkel is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held the 341(a) meeting of creditors on May 3, 2016.

7.      The Debtor scheduled a 100% ownership interest in the real property

located at 113 Compass Way, Sanford, NC  27330 (the "<u>Property</u>") with the following legal

description :

> **Being all of Lot 4, containing 4,936 square feet, 0.113 acres, as shown on plat
> entitled "Final Plat of North Pointe Townes, Phase One-Section 2" dated 3/8/05,
> prepared by Brennan Land Surveying, P.A., and recorded in Plat Cabinet 2005,
> Slide 42, Lee County Registry**
>
> **Subject to restrictive covenants recorded in Book 882, Page 744, and Book 981,
> Page 265, Lee County Registry.**
>
> **Parcel ID No. 964368545200**

8.      The Debtor scheduled the Property as having a value of $115,000.00

subject to a recorded first mortgage in favor of Ditech (the "<u>Secured Creditor</u>") in the amount

owed on the Petition Date of approximately $90,048.00, and a recorded second mortgage in

favor of Chase Bank ("Junior Secured Creditor") in the amount owed on the Petition Date of

approximately $15,180.00.

9.      The Trustee, after review of, among other things:  (a) the Court file in this

case and (b) a sales analysis report provided by Value Brokerage & Services, LLC ("<u>VB&S</u>"), a

subsidiary of Bankruptcy Global Holdings, LLC ("<u>BK Global</u>"), including a BK Score and an

opinion of value for the Property, has determined that procuring Secured Creditor's agreement to

(a) sell the Property, (b) release the Senior Mortgage (as defined below), (c) pay the estate the

Bankruptcy Estate Fee (as defined below) and (d) release the Secured Creditor's Unsecured

Claim (as defined below), all in accordance with the procedures set forth herein (collectively, the "Consented Public Sale"), is the best way for the estate to realize any benefit from the Property and generate value for the estate.

10.    The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records of Lee County, North Carolina, at O. R. Book 1029, Page 100, and as assigned by instrument recorded in O. R. Book 1329, Page 374 (the "Senior Mortgage"), and that as of the Petition Date, the total amount due to the Secured Creditor is $90,048.00 (the "Secured Creditor Indebtedness").

11.    The Property, based on (a) the Schedule "D" filed by the Debtor(s) and (b) the claims register, may also be encumbered by liens asserted against it in the aggregate amount of $15,180.00 plus costs and interest asserted as a Second Mortgage owed to Chase Bank, by virtue of a promissory note and mortgage recorded in the Official Records of Lee County, North Carolina, at O. R. Book 1029, Page 123 (the "Alleged Secured Creditor"). Based upon information provided by the Debtor, the Trustee believes that this claim is completely unsecured given the value of the Property and should be treated as a general unsecured claim unless the Alleged Secured Creditor timely object in response to this Motion to the treatment of such claims as (at best) a general unsecured claim and substantiates to the Trustee and the Court's satisfaction the basis for such asserted secured claim.

12.    The Property is currently under contract, dated October 10, 2016, to sell to a non-insider of the Debtor who is a buyer in good faith. The terms of the contract are as follows:

a.  Manner of sale : Private

b. Buyer :        Nancy S. Carville
                   1414 Bickett Road
                   Sanford, NC 27330

c. Sales price : $115,900.00.  A deposit of $1,200.00, is held by the closing agent, Drew Lucas, 1410 Elm Street, Sanford, NC 27330.  The balance of the purchase price is to be paid at closing.  The Buyer has agreed to close upon entry of an Order approving this sale.

d. Appraised Value : The land and improvements are currently assessed by the Lee County, North Carolina, Property Appraiser at $123,000.00.

e. Trustee intends to transfer the Estate's interest in the Property by Trustee's Deed, free and clear of encumbrances, except current year's taxes, zoning restrictions, and other requirements imposed by governmental authority, restrictions, and matters appearing on the plat or otherwise common to the subdivision, and public utility easements of record.  This is a short sale wherein the Secured Creditor holding the Senior Mortgage is receiving a reduced payoff and any Junior Lienholders will receive either a reduced or zero payoff in satisfaction of their lien.

f. The Secured Creditor holding the Senior Mortgage will pay the normal closing costs of a seller.  The estate is under no obligation to pay, and will not pay, any closing costs.

g. Under the contract offer set forth above, the Secured Creditor will receive a payoff of $95,200.00 and the Alleged Secured Creditor will receive a payoff of $3,000.00, and the anticipated net proceeds to the Bankruptcy Estate from the sale of the Property will be $7,252.31.

<u>**RELIEF REQUESTED**</u>

13.     The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property by Consented Public Sale in accordance with, upon and subject to the procedure, terms and conditions set forth below, using the services of VB&S and Listing Broker (as defined below), free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed Consented Public Sale, the Secured Creditor will be required to (a) pay the Bankruptcy Estate Fee to the estate and (b) release any unsecured claim against the estate that would otherwise result from the sale (the "<u>Secured Creditor's Unsecured Claim</u>"), which the Trustee believes will result in a substantially greater recovery for the estate's other creditors.   The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than five (5) days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

<u>**BASIS FOR RELIEF**</u>

**A.      The Consented Public Sale of the Property Should Be Approved**

14.     The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and her professionals, pursuant to the Consented Public Sale procedures described below.

15.     Pursuant to Section 363(b) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business.  The Court should approve the sale if the Trustee can demonstrate a sound

business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

16.     The Trustee, through the services of VB&S and Chris Tacia of ERA Strother Real Estate (the "Listing Agent"), intends to obtain Secured Creditor's written agreement and consent to the Consented Public Sale procedure set forth herein, including (a) having VB&S and Chris Tacia of ERA Strother Real Estate market the Property for sale to the public in order to obtain written purchase offers at the highest price that the market will bear from qualified, third party buyers (each being a "Third Party Buyer"), (b) selling the Property to the Third Party Buyer offering the highest purchase price, (c) purchasing the Property from the estate if no Third Party Buyer is identified during the Consented Marketing Period (as defined below), (d) paying the Bankruptcy Estate Fee to the estate and (e) releasing the Secured Creditor's Unsecured Claim.  Once Secured Creditor's written agreement and consent have been obtained, best efforts will be made to identify Third Party Buyers by marketing the Property for sale to the general public through a multi-channel marketing campaign, with marketplace exposure on the Multiple Listing Service, Bankruptcy Listing Service, bankruptcylistings.com and foreclosure.com, for a period of ninety (90) days (the "Consented Marketing Period").  If the Property is not sold to a Third Party Buyer during the Consented Marketing Period, or any consented extension thereof, then Secured Creditor will purchase the Property from the estate by (a) paying the Bankruptcy Estate Fee to the estate and (b) releasing the Secured Creditor's Unsecured Claim, and Trustee will convey the Property to Secured Lender free and clear of all liens, claims, encumbrances, and interests.

17.     Given the Consented Public Sale procedures outlined herein, including but not limited to, online and national marketing and the retention of an independent real estate broker and national bankruptcy real estate services company, the Trustee believes that the proposed Consented Public Sale will facilitate a sale that will produce a reasonable sale price that will serve the best interests of the bankruptcy estate and its creditors.  As such, the Trustee, in the exercise of her business judgment, submits that the sale price resulting from the Consented Public Sale, including the consideration to be paid by Secured Creditor for the Property if it is acquired by Secured Creditor, will be fair and reasonable.

18.     The Trustee, VB&S and Listing Agent will use the following procedures to conduct the sale of the Property:

a.  Property to be Sold:  The Property that is offered at the Consented Public Sale shall be sold pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims, encumbrances, and interests, but otherwise in "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee and his/her professionals.

b.  Marketing Procedure:   The Consented Marketing Period will consist of a minimum 90-day period commencing from the date that an Exclusive Listing Agreement is executed by the Listing Agent.  The Exclusive Listing Agreement was executed on September 2, 2016.  VB&S commenced its Consented Sale™ real estate asset review and marketing process to procure the necessary agreements of all affected parties, including the Secured Creditor, for a Consented Public Sale of the Property.  Offers to purchase the Property will be directed to and solicited by the Listing Agent for a period of ninety (90) days.  The

7

Consented Marketing Period may be extended, if consented to by all necessary parties.

c.  <u>Listing Agent and National Agent Commission</u>:  The Listing Agent, VB&S and VB&S service affiliates shall receive up to six percent (6%) of the purchase price for any sale that closes to a Third Party Buyer (the "<u>Commission</u>").   No Commission shall be paid unless the Property is sold to a Third Party Buyer.  The Listing Agent shall not be entitled to any other compensation.  The Listing Agent shall not split or otherwise share the Commission with any other person or entity, except that Listing Agent shall pay a referral fee to VB&S and, if the Third Party Buyer is represented by a real estate agent, the Listing Agent, VB&S and the Third Party Buyer's real estate agent may split or share the Commission by agreement.  The Secured Creditor agrees to pay the Commission when earned and the estate shall not be responsible or obligated to pay any compensation to the Listing Agent, VB&S or Third Party Buyer's real estate agent, if any.

d.  <u>Bankruptcy Estate Fee</u>:  In order to provide for the payment of expenses in this Chapter 7 case, and to afford general unsecured creditors an opportunity to participate in any recovery from the sale of the Property, the Secured Creditor has agreed [or, shall agree] to pay the estate a fee (the "<u>Bankruptcy Estate Fee</u>") determined as follows.

  i.  If the Property is sold to a Third Party Buyer, Secured Creditor will pay the estate the greater of (1) three percent (3.0%) of the purchase price and (2) $7,500.00.

    ii.  If the Property is acquired by Secured Creditor in lieu of foreclosure, Secured Creditor will pay the estate $10,000.00, of which a flat fee of $2,500.00 will be paid to VB&S for procuring Secured Lender's agreement to the Consented Public Sale and rendering all other real estate services hereunder to Trustee.

    iii.  Under either of the foregoing scenarios, (i) or (ii), above, upon closing or transfer of the subject Property, the Secured Lender shall immediately reimburse VB&S for any funds advanced by VB&S for the securing of insurance on the subject Property.

e.  <u>Junior Lienholders</u>.  Any amount by which the net sale proceeds received from a Third Party Buyer exceed the Secured Creditor Indebtedness and the Bankruptcy Estate Fee shall be paid to such Alleged Secured Creditors and any other party asserting a lien, claim, encumbrance or interest in or to the Property, if and to the extent that such interest is substantiated by a current title report or other evidence reasonably determined by Trustee and the party agrees to waive and release any unsecured claim against the estate that it would otherwise have as a result of the sale (collectively, the "<u>Junior Lienholders</u>").

f.  <u>Surplus</u>. Any and all net sale proceeds received from a Third Party Buyer remaining after paying the Junior Lienholders will be retained by the Trustee for the benefit of the estate.

g.  <u>Back-Up Offers</u>:  Listing Agent shall be authorized, but not required, to accept the qualified purchase offer with the second highest price submitted by a Third Party

Buyer as a "back- up" offer in the event that the Third Party Buyer offering the highest purchase price fails to consummate the sale transaction.

19.     Accordingly, the Trustee submits that the sale of the Property pursuant to the above Consented Public Sale process is reasonable under Section 363(b) of the Bankruptcy Code.

**B.     The Sale of the Property Should Be Approved Free and Clear of All Interests**

20.     Pursuant to Section 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs., LLC*, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

21.     The Trustee states that she shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the Property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

22.     The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than five (5) days prior to the hearing on the instant

Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[1] Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v. Grassi*, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v. Elliott*, 94 B.R. 343 (E.D. Pa. 1988); *In re Gabel*, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

23.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee, seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or her professionals.  Notwithstanding that the Trustee will seek authority to execute all documents and instruments she deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

24.    The Secured Creditor agrees to pay at closing (1) the Commission, (2) the Bankruptcy Estate Fee, (3) all outstanding real estate taxes, including any prorated amounts due for the current tax year, (4) all HOA fees required be paid under applicable state and federal law, including any post-petition HOA fees required to be paid under applicable state and federal law and (5) all closing costs excluding professional fees, but including State Documentary Stamps for the entire closing price pursuant.  Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

**C.    The Consented Public Sale Will Be Undertaken by the Buyer in Good Faith**

---

[1] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

25.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

26.     The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion.  *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs.*  (In re Colony Hill Assocs.), 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."  (citation omitted)); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla.  Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

27.     The Trustee asserts that the sale of the Property pursuant to the Consented Public Sale will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

28.     The Trustee further states that:

(a)     the Trustee has reviewed the tax implications of the proposed Consented Public Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Bankruptcy Estate Fee;

(b)      the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)      Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Consented Public Sale is in the best interest of the estate and its creditors.

29.      The Trustee respectfully requests that this Court:  (a) waive the 14-day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents she deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed Consented Public Sale.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee requests that the Court enter an order (i) approving the Consented Public Sale of the Property, including establishment of the Bankruptcy Estate Fee and payment of the Commission, and (ii) granting such other and further relief as this Court deems just and equitable.

Date:  January 31, 2017

*s/ Kristen L. Henkel*
Kristen L. Henkel, Esq.
Florida Bar No. 81858
M. E. Henkel, P.A.

3560 South Magnolia Avenue
Orlando, Florida 32806
Telephone : (407) 438-6738
Facsimile : (407) 858-9466
khenkel@mehenkel.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2017, the foregoing *Chapter 7 Trustee's Motion to (A) Approve An Consented Public Short Sale of Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (B) Sale Procedures; (C) Surcharge Agreement Between Secured Lender and the Estate; (D) Secured Lender's Right to Deed in Lieu of Foreclosure; and (E) Other Relief* was furnished by U.S. Mail, postage prepaid, or by electronic delivery to: Dale Heuermann, 185 S. Festival Dr., Apt. 203, Anaheim, CA 92808 *(Debtor)*; Walter J Snell, 436 N Peninsula Dr, Daytona Beach, FL 32118 *(Attorney for Debtor)*; Chris Tacia, ERA Strother Real Estate, 2505 Dalrymple St., Sanford, NC 27332 *(Listing Agent)*; BK Global Real Estate Services, Attn : Stephanie Givens, Corporate Broker, 2000 E. Lamar Blvd., Suite 155, Arlington, TX 76006; United States Trustee, 400 W. Washington St., Ste. 1100, Orlando, FL 32801; Chase Bank, P. O. Box 24714, Columbus, OH 43224; Ditech, P. O. Box 660934, Dallas, TX 75266; JPMorgan Chase Bank, c/o Marc G. Granger, Esq., mgranger@kahaneandassociates.com; and all parties on the mailing matrix attached.

Additional copies furnished by Certified Mail to: CT Corporation System, Registered Agent for Ditech and JPMorgan Chase, 160 Mine Lake Ct., Ste. 200, Raleigh, NC 27615; and C T Corporation System, Registered Agent for Ditech and JPMorgan Chase, 1200 South Pine Island Road, Plantation, FL 33324.

*/s/ Kristen L. Henkel*
Kristen L. Henkel, Esq.
Florida Bar No. 81858
M. E. Henkel, P.A.
3560 South Magnolia Avenue
Orlando, Florida 32806
Telephone : (407) 438-6738
Facsimile : (407) 858-9466
khenkel@mehenkel.com